# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID LEE ALEXANDER, | ) | |
|     Petitioner, | ) | 2:12-cv-01312-PMP-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, *et al.,* | ) | |
|     Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which petitioner, a federal prisoner on supervised release, is proceeding *pro se*. The petition is now before the court for initial review.

The Rules Governing Section 2254 Cases in the United States District Courts are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

Petitioner was convicted of one count of bank robbery in this court on May 25, 1995, in case number 2:94-cr-00203-LDG-RLH. (Case Number 2:94-cr-00203-LDG-RLH, ECF No. 57.) On April 27, 2011, the court entered an amended judgment to correct a clerical error. (*Id*.)

Petitioner alleges that the court's entry of the amended judgment without affording him notice or an opportunity to be heard violates his constitutional right to due process. Petitioner seeks

reinstatement of the original judgment.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864-865 (9th Cir. 2000).

In this case, it is unclear if petitioner is challenging the imposition of the amended judgment or the execution of the amended judgment. However, construed either as a § 2255 motion or as a § 2241 petition, petitioner's bare allegations fail to assert a claim for relief. Petitioner's claim centers on his allegations that he did not receive notice and an opportunity to heard before imposition of the amended judgment. Petitioner fails to alleges allege what, if any, injury he suffered because of the entry of the amended judgment. Petitioner does not appear to seek release from custody or a modification to his sentence. Petitioner fails to describe any substantive effect on his sentence resulting the from amended judgment. Rather, it appears that the amended judgment merely corrected a clerical error. Under such circumstances, it plainly appears that petitioner is not entitled to relief and summary dismissal is appropriate.[1]

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court;s assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions

---

[1] The court also notes that petitioner failed to properly commence this action because he did not submit either the filing fee or a motion to proceed in forma pauperis with his petition.

are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 31st day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE